IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. 12-230-3 |
| | : | CIVIL ACTION NO. 20-1747 |
| HIGINIO CASTILLO | : | |

## MEMORANDUM OPINION

Smith, J.                                                    November 19, 2021

Pursuant to 18 U.S.C. § 924(c), if an individual discharges a firearm during and in relation to "a crime of violence or drug trafficking crime," they are subject to a mandatory term of imprisonment of not less than ten years. A "crime of violence" is defined in section 924(c) in two clauses, which are commonly known as the "elements clause" and the "residual clause." The residual clause's constitutionality was addressed in *United States v. Davis*, 139 S. Ct. 2319 (2019), where the Supreme Court concluded that the residual clause was unconstitutionally vague. Thus, for a crime to fall within the definition of a "crime of violence" under section 924(c), it must satisfy the elements clause.

Here, the defendant has now moved for relief under 28 U.S.C. § 2255 based on *Davis*, claiming that the court should vacate the portion of his sentence he received for violating section 924(c) because it is not supported by a valid predicate offense. More specifically, he contends that his kidnapping conviction is no longer a valid "crime of violence" under section 924(c) after *Davis* because it does not fall within the definition of a "crime of violence" under the elements clause. In addition, even though he also pleaded guilty to numerous drug trafficking crimes, he claims that those offenses were not identified as predicate offenses in his indictment or his guilty plea proceedings and, as such, there is no valid predicate offense to support his section 924(c) conviction and sentence.

As explained below, the defendant is mistaken that a drug trafficking crime was not identified in the operative indictment, in the plea agreement, and during his guilty plea hearing, as a predicate offense to support his section 924(c) charge. Instead, at all stages of the prosecution, it was clear that the government was asserting that his conspiracy to distribute controlled substances charge was a predicate offense to support his section 924(c) charge. Thus, even if kidnapping is not a valid predicate offense because it is no longer a "crime of violence" after *Davis*, the defendant's conspiracy to distribute controlled substances conviction is a valid predicate offense supporting his section 924(c) conviction and sentence. Accordingly, the court will deny the section 2255 motion.

## I.    PROCEDURAL HISTORY

These criminal proceedings involving the movant, Higinio Castillo ("Castillo"), started in March 2012, when the government filed a criminal complaint charging him with drug and firearm charges. *See* Doc. No. 2. On June 13, 2012, the grand jury issued a superseding indictment charging Castillo and six co-defendants with numerous drug and firearm charges. *See* Doc. No. 31. The grand jury later issued a 14-count second superseding indictment on December 12, 2012, charging Castillo and ten co-defendants with various offenses. *See* Doc. No. 84. Castillo's charges included: (1) one count of conspiracy to import controlled substances, including one kilogram or more of heroin and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(A), 963;[1] (2) three counts of importing and aiding and abetting the importation of 100 grams of more of heroin in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 952(a), 960(a), (b)(2)(A);[2] (3) one count of conspiracy to distribute controlled substances, including one kilogram or more of heroin, in

---

[1] This charge is contained in count one of the second superseding indictment. *See* Doc. No. 84 at 1–15.
[2] These charges are contained in counts two, three, and eleven of the second superseding indictment. *See id.* at 16–17, 40.

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846;[3] (4) three counts of possessing and aiding and abetting the possession of 100 grams or more of heroin with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(B);[4] (5) one count of conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c);[5] (6) one count of kidnapping and aiding and abetting kidnapping in violation of 18 U.S.C. §§ 2, 1201;[6] (7) two counts of using and carrying a firearm and aiding and abetting the use and carrying of a firearm during and in relation to a drug trafficking crime and a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1);[7] (8) one count of possessing and aiding and abetting the possession of 500 grams or more of cocaine with intent to distribute in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(B);[8] and (9) one count of importing and aiding and abetting the importation of 500 grams or more of cocaine in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 952(a), 960(a), (b)(2).[9]

Castillo ultimately pleaded guilty to 13 of the 14 counts in the second superseding indictment in an open plea before the Honorable Legrome D. Davis, now retired, on April 29,

---

[3] This charge is contained in count four of the second superseding indictment. *See id.* at 18–31.

[4] These charges are contained in counts five, six, and ten of the second superseding indictment. *See id.* at 32–33, 39.

[5] This charge is contained in count seven of the second superseding indictment. *See id.* at 34–36.

[6] This charge is contained in count eight of the second superseding indictment. *See id.* at 37.

[7] These charges are contained in counts nine and twelve of the second superseding indictment. *See id.* at 38, 41. Because it is particularly relevant to Castillo's claims in this case, the court notes that count nine of the second superseding indictment specifically charged him and four co-defendants with:

> knowingly possess[ing], brandish[ing] and discharg[ing] a firearm, and aid[ing] and abet[ting] the possession, brandishing and discharging of a firearm, that is, a handgun, during and in relation to a crime of violence for which the defendants may be prosecuted in a court of the United States, that is, kidnapping, in violation of Title 18, United States Code, Section 1201, **and** during and in relation to a drug trafficking crime for which the defendants may be prosecuted in a court of the United States, that is, conspiracy to distribute a controlled substance in violation of Title 21, United States Code, Section 846.
> In violation of Title 18, United States Code, Sections 924(c)(1) and 2.

*Id.* at 38 (emphasis added).

[8] This charge is contained in count thirteen of the second superseding indictment. *See id.* at 42.

[9] This charge is contained in count fourteen of the second superseding indictment. *See id.* at 43.

2014.[10] *See* Doc. No. 479; *see also* Am. J. at ECF p. 3, Doc. No. 438. On June 15, 2015, Judge

Davis held a sentencing hearing, during which he sentenced Castillo to 120 months' imprisonment

on the various drug charges, kidnapping, and conspiracy to commit kidnapping. *See* Doc. No. 469;

Am. J. at ECF p. 3. He also sentenced Castillo to a consecutive sentence of 120 months'

imprisonment for his conviction in count nine of the second superseding indictment, *i.e.* for using

and carrying a firearm and aiding and abetting the use and carrying of a firearm during and in

relation to a drug trafficking crime and crime of violence in violation of 18 U.S.C. § 924(c)(1).

*See id.* Thus, the total aggregate sentence was 20 years' imprisonment. *See id.*

Although Castillo did not file a direct appeal from his judgment of sentence, on September

9, 2016, the clerk of court docketed a *pro se* motion from Castillo in which he asked Judge Davis

to run his two 120-month terms of imprisonment concurrently instead of consecutively. *See* Doc.

No. 454. Judge Davis entered an order denying this motion on September 21, 2016.[11] *See* Doc.

No. 455.

On October 21, 2016, Castillo filed a *pro se* notice of appeal from Judge Davis's order to

the Third Circuit Court of Appeals. *See* Doc. No. 461. The Third Circuit summarily affirmed Judge

Davis's denial order via an unpublished opinion entered on February 10, 2017. *See United States

v. Castillo*, 677 F. App'x 33 (3d Cir. 2017) (per curiam).

Then-Chief Judge Lawrence F. Stengel reassigned this case from Judge Davis's calendar

to the undersigned's calendar on October 11, 2017. *See* Doc. No. 474. Castillo then filed his first

*pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on April 6, 2018.

*See* Doc. No. 480. In this motion, Castillo essentially argued that his retained counsel was

---

[10] It appears that count twelve of the second superseding indictment was dismissed at the time of Castillo's plea. *See* Am. J. at ECF pp. 1–3.
[11] The order did not contain reasons for the denial.

ineffective for failing to present evidence to Judge Davis about Castillo's substantial cooperation with the government. *See generally id.* After the parties fully briefed the section 2255 motion, this court entered a memorandum opinion and order denying the motion and declining to issue a certificate of appealability on September 7, 2018. *See* Doc. Nos. 485–488. Castillo did not file an appeal from the court's memorandum opinion and order.

Castillo continued to challenge the imposition of his consecutive 120-month sentence for violating section 924(c) by filing an application for leave to file a second or successive section 2255 motion with the Third Circuit, which the Third Circuit granted on February 27, 2020. *See* Doc. No. 495. The Third Circuit's order granting Castillo leave to file a second or successive section 2255 motion and the motion itself was docketed with the clerk of this court on April 2, 2020. *See* Doc. Nos. 495, 496.

Upon receiving notice of this second or successive section 2255 motion, the court directed the government to file a response to the motion. *See* Doc. No. 499. The government filed a response in opposition to the section 2255 motion on May 1, 2020. *See* Doc. No. 500. Castillo filed a reply brief in support of his motion on June 8, 2020. *See* Doc. No. 502. The section 2255 motion is ripe for disposition.[12]

## II.    DISCUSSION

### A.    Law Generally Applicable to Section 2255 Motions

With respect to section 2255 motions generally, the court notes that

"[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in

---

[12] On August 18, 2021, this court had entered an order scheduling an evidentiary hearing on the section 2255 motion. *See* Doc. No. 506. On September 13, 2021, the court entered an order canceling the evidentiary hearing and vacating the August 18, 2021 order as having been improvidently entered. *See* Doc. No. 508. As demonstrated in his opinion, Castillo is not entitled to an evidentiary hearing because "the record as a whole conclusively show[s] that the prisoner is entitled to no relief." *United States v. Dawson*, 857 F.2d 923, 927 (3d Cir. 1988) (alteration in original) (internal quotation marks and citation omitted).

violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).  Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a).

        Section 2255(b) generally entitles a petitioner to a hearing on his motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." *See also* Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").  Accordingly, a district court may summarily dismiss a motion brought under § 2255 without a hearing and without requiring a response from the Government where the "motion, files, and records, 'show conclusively that the movant is not entitled to relief.'" *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994) (quoting *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992)); *see also United States v. Hernandez*, No. 3:CR-02-282, 3:CV-05-573, 2005 WL 3179920, at *1 (M.D. Pa. Nov. 29, 2005).

*United States v. Kelley*, No. 3:12-CR-130, 2017 WL 1078172, at *2 (M.D. Pa. Mar. 22, 2017).

## B.    <u>The Parties' Arguments</u>

In the instant section 2255 motion, Castillo contends that the court should vacate the consecutive 120-month sentence for his section 924(c) conviction in count nine of the second superseding indictment based on the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Davis*, the Court addressed the constitutionality of the residual clause in 18 U.S.C. § 924(c). Section 924(c) provides in relevant part that

any person who, during and in relation to a crime of violence ***or drug trafficking crime*** . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--

(i) be sentenced to a term of imprisonment of not less than 5 years;

(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added).

Concerning "crime[s] of violence," section 924(c) indicates that

the term "crime of violence" means an offense that is a felony and--

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

*Id.* § 924(c)(3). Subsection (A) of section 924(c)(3) is commonly known as the "elements clause" and subsection (B) is referred to as the "residual clause." *See Davis*, 139 S. Ct. at 2324 (explaining that section 924(c)(3) "proceeds to define the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause").

Regarding the residual clause, the Court in *Davis* concluded that it was unconstitutionally vague. *See id.* at 2336. Therefore, after *Davis*, for a "crime of violence" to serve as a predicate offense under section 924(c), it must satisfy the elements clause.

Here, Castillo claims that *Davis* warrants a new sentence (more specifically, a 10-year aggregate sentence) because his conviction for violating section 924(c) in count nine of the second superseding indictment cannot stand. *See* Mem. in Supp. of Pet'r's 2d Mot. to Vacate and Correct Sentence Under 28 U.S.C. § 2255 ("Mot.") at 1, Doc. No. 496 ("As explained below, Mr. Castillo's conviction and sentence under 18 U.S.C. § 924(c) and 2 (Count Nine) must be vacated in light of the Supreme Court's recent decision in *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019)."). He points out that his convictions for kidnapping and conspiracy to commit kidnapping are no longer "crime[s] of violence" under section 924(c). *See id.* at 3–4, 22–25. He also appears to argue that none of his other convictions can support the section 924(c) count. *See*

*id.* at 25. He further appears to contend that because it is purportedly unclear in count nine whether he pleaded guilty to a predicate offense of kidnapping, conspiracy to commit kidnapping, or a drug-trafficking offense, the court cannot simply determine that he is still guilty of the drug-trafficking offense and deny his motion on this basis. *See id.* at 26. In support of this latter argument, Castillo cites to a case out of the Fifth Circuit Court of Appeals, where the court vacated three defendants' section 924(c) convictions because it was unclear whether the jury determined that they committed a predicate crime of violence or a predicate drug-trafficking crime insofar as the verdict slip did not "require the jury to specify which predicate offense or offenses it relied upon in convicting [the defendants] of the § 924 offenses." *United States v. Jones*, 935 F.3d 266, 268–69, 274 (5th Cir. 2019); *see* Mot. at 27. Like in *Jones*, Castillo claims that this court should vacate his section 924(c) sentence and conviction.

In response to Castillo's motion, the government, while indicating its position that kidnapping should be a "crime of violence," agrees with Castillo that kidnapping "no longer qualifies" as a predicate crime of violence after *Davis* invalidated the residual clause of section 924(c)(3). *See* Gov't's Resp. to Def.'s Successive Mot. for Relief Under 28 U.S.C. § 2255 ("Resp.") at 11, Doc. No. 500 ("Count Nine of the indictment identified kidnapping, in violation of 18 U.S.C. § 1201, as a predicate crime of violence. Castillo is correct that, without the residual clause, this crime no longer qualifies." (footnote omitted)). Nonetheless, the government asserts that because the second superseding indictment also alleged that the firearm at issue was discharged during a drug trafficking crime (for which *Davis* did not affect), Castillo's drug conspiracy offenses still qualify as section 924(c) predicates. *See id.* at 13. The government also points out that Castillo admitted that he engaged in the drug-trafficking conspiracy and that he possessed the firearm in furtherance of that conspiracy. *See id.* at 14. Thus, according to the

government, the section 924(c) charge still relies on one valid predicate offense and there is no reason for this court to alter Castillo's sentence here. *See id.*

In addition to these arguments, the government contends that even if the court were to follow Castillo's logic and analyze his guilty plea like it was a jury's verdict, the court should still deny the motion because he cannot demonstrate that he was harmed by the error. *See id.* As part of this argument, the government points out that the facts Castillo admitted to at the time of his guilty plea showed that he and his co-defendants had kidnapped the victim because Castillo believed that the victim had stolen heroin that he was supposed to be trafficking for Castillo's organization, and the firearm was used as part of the kidnapping and drug-trafficking conspiracy. *See id.* at 16–17.

In his reply brief, Castillo appears to argue that the record demonstrates that his section 924(c) conviction related to the kidnapping count and not the drug trafficking counts. *See* Pet'r's Reply to Gov't's Resp. ("Reply Br.") at 4, Doc. No. 502 ("Here the record seem [sic] to suggest that the Count 9 § 924(c) conviction and sentence is predicated upon the kidnapping. Although petitioner does admit that he simultaneously pled guilty to drug trafficking crimes.").[13] Castillo believes that his section 924(c) conviction cannot stand because there were purportedly multiple theories of guilt and none were allegedly identified as the basis for the section 924(c) count. *See id.* at 5. In addition, he also asserts that conspiracy to commit drug trafficking is not a valid predicate offense. *See id.* at 5–7. In this regard, he argues that *Davis* determined that a conspiracy

---

[13] Castillo also references the government's response to his original section 2255 motion, where the government appeared to acknowledge that count nine related to only kidnapping. *See* Reply Br. at 4 (citing Doc. No. 485 at ECF p. 3). In this regard, the government initially described count nine as "discharg[ing] a firearm in connection with kidnapping (S.R. on 8/24/2011)." Gov't's Resp. to Def.'s Mot. to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 at ECF p. 3, Doc. No. 48. Nonetheless, later in that same response, the government stated: "The sentencing range was driven by the drug conspiracy counts, Counts One and Four, and the charge of discharging a firearm *in connection with a drug crime, Count Nine*." *Id.* at ECF p. 6 (emphasis added). Thus, the government did not limit the applicable predicate offense to the kidnapping charge.

offense can no longer qualify as a predicate crime under section 924(c). *See id.* at 6–7.

### C.    Analysis

After thoroughly reviewing the record and the parties' submissions, Castillo is not entitled to any habeas relief for the following reasons: First, it is overwhelmingly apparent from the record that he pleaded guilty to a predicate offense under section 924(c) and all his arguments to the contrary are meritless. Second, *Davis* does not affect the definition of a "drug trafficking crime" under section 924(c) or Castillo's convictions for such crimes in this case. The court discusses each of these reasons in turn.

First, the record relating to Castillo's guilty plea shows that he pleaded guilty to a drug-trafficking offense and that this offense was a predicate offense supporting his section 924(c) charge. The record from the guilty plea hearing shows that Castillo knew the charges to which he was pleading guilty. During the plea hearing, Castillo's counsel represented to Judge Davis that he and Castillo had reviewed all charges to which Castillo was pleading guilty. *See* Tr. of Change of Plea ("Plea Tr.") at 4–5, Doc. No. 479. Additionally, Judge Davis questioned Castillo about his desire to plead guilty and the following exchange occurred:

> THE COURT: So, you have decided, I am told, that you wish to plead guilty and not have your trial, correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Tell me why you made this decision?
>
> THE DEFENDANT: ***I'm guilty for all of this. I am.***
>
> THE COURT: ***All right, so you discussed the evidence with your lawyer, and you agree that the Government could prove you guilty; is that right?***
>
> THE DEFENDANT: ***Yes, Your Honor.***

*Id.* at 7 (emphasis added).

In addition to demonstrating Castillo's general knowledge of the charges to which he was pleading guilty, the record from the plea hearing illustrates that the firearm charge was related to Castillo's drug trafficking activity. For instance, Judge Davis asked Castillo to describe in his own words what he did, and he admitted to Judge Davis that the firearm was discharged during the kidnapping of someone who was transporting heroin for him:

> THE COURT: So tell me in your own words, generally, what did you do? What's the criminal behavior here?
>
> THE DEFENDANT: For distributing heroin and transporting it through international ways -- means.
>
> THE COURT: Did you work with other people in doing this?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And there is a -- was some cocaine involved in this importation also?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And then what is this kidnapping and conspiracy to commit kidnapping about? Tell me about that.
>
> THE DEFENDANT: *Well, it was a kidnapping that I carried out against one of the people that was transporting heroin for me*.
>
> THE COURT: And did other people help you with this?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: *And was a firearm discharged during this kidnapping by someone?*
>
> THE DEFENDANT: *Yes, Your Honor.*

*Id.* at 7–8 (emphasis added).

In addition, during Judge Davis's discussion of Castillo's guilty plea to count nine of the second superseding indictment, the section 924(c) count, Judge Davis explained to Castillo that this charge was also related to his drug trafficking activities and Castillo acknowledged that he

knew the charge was related to those activities:

> THE COURT: . . . All right, so while we're on the question of kidnapping, there's also Count IX *which is discharging a firearm in furtherance of the drug crime, and -- because I know that happened during the kidnapping episode*.
>
> *Here the Government has to prove beyond a reasonable doubt that you conspired to commit -- to distribute heroin as was charged in Count IV, or that you kidnapped the victim as charged in Count VIII, and that you or one of your coconspirators knowingly possessed and discharged a firearm in furtherance of the kidnapping*.
>
> So the firearm is a device that expels projectiles by means of explosive action. That's a gun. And when it says "knowingly possessed" it means that you had on your person or under your control, that you were aware of the -- that you had a firearm. It wasn't an accident or a mistake. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

*Id.* at 14 (emphasis added).

If it was not abundantly clear to Castillo about the relationship between his drug trafficking offenses and the section 924(c) charge, Judge Davis further connected the offenses when he later discussed with Castillo the possible mandatory minimum sentences he was facing, the maximum sentences, and potential fines with respect to count nine:

> THE COURT: And as far as the offense of discharging the firearm *in connection with the drug crime or the crime of violence that's Count IX*, the maximum -- there's a mandatory minimum period of incarceration of ten years, because the gun was discharged. Do you understand that?
>
> THE DEFENDANT: Yes, Your Honor.

*Id.* at 21 (emphasis added).

Finally, the government connected Castillo's drug trafficking offenses to the section 924(c) charge when it set forth the factual basis supporting count nine of the second superseding indictment:

> With regard to Counts II through IX, codefendant Adrian DeJesus sold heroin for this defendant beginning in about January 2009. In about August 2011,

DeJesus and another one of Castillo's dealers recruited Yeltsin Genao, who has also been charged here, to smuggle controlled substances on behalf of their organization. Genao, in turn, recruited Santos R. and introduced him to this defendant.

This defendant paid for Santos to obtain an expedited U.S. passport and he arranged for Genao and Santos to fly to the Dominican Republic in order to meet Manuel Castillo. Manuel Castillo provided both men with heroin to smuggle. And Genao successfully smuggled over 100 grams of heroin into the United States on August 17th, 2011.

On August 18th, 2011, Santos came back to the United States to Philadelphia, but he was unsuccessful. He was stopped by Customs and Border Protection and he was arrested and diverted. The cocaine . . . was obtained from his body, and it was approximately 576 -- I'm sorry, the heroin was obtained from his body, and it was approximately 576 grams.

Although Santos had been arrested and his heroin and had been seized[,] this defendant thought that he might have been double crossed, and on that basis, he told codefendant Genao that Genao would be responsible for the missing heroin since Genao was the one who'd recruited Santos.

On August 24th, 2011, Genao told this defendant that he had seen Santos. Defendant Castillo then directed Genao, along with Nunez-Rodriguez and codefendant Kelvin Perez to pick up Santos and take him to an apartment on 19th Street.

This defendant then picked up codefendant Adrian DeJesus and he brought a rope, a firearm, and some Xanax. This defendant provided DeJesus Xanax to take, gave him the firearm, and then drove him to the residence where Santos was being held. They went inside to interrogate Santos. Santos told them that he didn't have the heroin because he'd been arrested. This defendant tied up Santos with the rope. Codefendant DeJesus struck Santos with the firearm.

After Santos was tied up, they moved him to another room within the residence and they put something over the face so that he couldn't see what was going on. This defendant then spoke to his brother, Manuel Castillo, who was still in the Dominican Republic -- spoke to him over a cellular telephone.

The defendant then required Santos, who was lying on the ground, to speak to Manuel Castillo over that telephone, and Manuel Castillo told Santos that he knew he'd stolen the heroin and that he was going to die for it.

Defendant Higinio Castillo then left the man tied up on the ground with something over his face, in the custody of two people, including Adrian DeJesus, who still had the firearm that this defendant had provided to him.

Defendant Castillo repeatedly called back to Kelvin Perez to see what was going on and what Santos was doing. Codefendant DeJesus discharged the firearm out the window in order to scare the person who was lying on the ground blindfolded.

Eventually defendant Higinio Castillo told his codefendants to release Santos and they did.

*Id.* at 33–35. Castillo admitted that these facts articulated by the government were true and correct. *See id.* at 40.

As these references to the transcript of the guilty plea hearing show, Castillo was charged with a drug trafficking crime as a predicate offense to support his section 924(c) charge, he was informed that the drug trafficking crime was a predicate offense to support his section 924(c) charge, and he admitted his drug trafficking conspiracy, which included the kidnapping, was related to the section 924(c) charge. Thus, his conspiracy to distribute controlled substances charge was clearly a predicate offense for his section 924(c) charge and he knew or should have known that it was a predicate offense.

Nevertheless, the court recognizes that Castillo, in arguing that the kidnapping charge was the only predicate offense, focuses on one portion of the plea hearing where Judge Davis, seemingly reading from the government's guilty plea memorandum when briefly summarizing the charges to which Castillo was pleading guilty, described count nine as "discharging a firearm in connection with kidnapping."[14] Plea Tr. at 4; Reply Br. at 4–5. Despite this brief reference by

---

[14] The government's guilty plea memorandum **initially** described count nine as "discharg[ing] a firearm in connection with kidnapping (S.R. on 8/24/2011)." Gov't's Guilty Plea Mem. at 1, Doc. No. 281. Although the government included this initial description, when the government described count nine in detail later in the memorandum, which included the elements of section 924(c)), it described it as follows:

To convict defendant of Count 9, the government must prove beyond a reasonable doubt the following elements:

1. The defendant conspired to distribute heroin, as alleged in Count Four, or kidnapped S.R., as alleged in Count Eight;

Judge Davis, when he actually discussed count nine with Castillo, he described count nine as "discharging a firearm in furtherance of the drug crime, and -- because I know that happened during the kidnapping episode." Plea Tr. at 14. This demonstrates that Judge Davis did not limit the predicate offense to the kidnapping.

Judge Davis also explained during the hearing that to convict Castillo, the government would have to prove beyond a reasonable doubt that he "conspired . . . to distribute heroin as was charged in Count IV," or "kidnapped the victim as charged in Count VIII, and that you or one of your coconspirators knowingly possessed and discharged a firearm in furtherance of the kidnapping." *Id.* As such, while kidnapping was identified as a factual predicate for the section 924(c) charge, the drug trafficking charge to which Castillo pleaded guilty was also identified as a predicate offense for this charge. At bottom, Castillo's argument that somehow his kidnapping charge was the only predicate offense completely ignores the totality of what occurred during the guilty plea hearing.

Further, to the extent that there is any debate as to whether Castillo's drug trafficking offense was a factual predicate for his section 924(c) charge, the government's factual proffer, to which Castillo agreed, showed that the kidnapping and the discharge of the firearm occurred during Castillo's drug-trafficking conspiracy. The kidnapping was not a random event disconnected from Castillo's drug trafficking activities. Instead, the kidnapping victim was someone whom Castillo and his co-defendants kidnapped because they were using him as a drug courier and believed he had stolen drugs from them. As such, Castillo's arguments that the kidnapping should be separated

---

2. The defendant (or his co-conspirator, under Pinkerton) knowingly possessed and discharged a firearm in furtherance of that crime.

Third Circuit Model Instruction 6.18.924A.

*Id.* at 6.

from his drug trafficking activities are unavailing.

In addition to the factual inaccuracy of Castillo's contentions relating to the charges supporting his section 924(c) conviction, Castillo has provided no legal support for his claim to relief. In this regard, the court notes that Castillo cites to *United States v. Brown*, 415 F. Supp. 3d 901 (N.D. Cal. 2019) in his reply brief. *See* Reply Br. at 5. *Brown* does not support his arguments in this case.

In *Brown*, the defendant pleaded guilty to two charges: conspiracy to commit Hobbs Act robbery and possessing a firearm in furtherance of that conspiracy. *See* 415 F. Supp. 3d at 903. After the Court's decision in *Davis*, the defendant filed a section 2255 motion claiming that his section 924(c) conviction was invalid. *Id.* The government agreed with the defendant that, after *Davis*, the conspiracy to commit Hobbs Act robbery charge could not support his section 924(c) conviction. *See id.* at 904. Nonetheless, the government also contended that, *inter alia*, the district court should not vacate the section 924(c) conviction because there was another predicate felony, drug-trafficking conspiracy, which was also included in the indictment. *Id.*

The district court rejected the government's argument about the alternate predicate felony because the court noted that, for a drug trafficking conspiracy conviction, the defendant "would have had to admit, or the government would have to prove, that he intended to distribute or possess with intent to distribute cocaine." *Id.* at 905. The court explained that the government could not do so in that case because the factual basis for the defendant's plea contained no indication of this intent. *See id.* In addition, the parties had entered into a plea agreement which stated that the predicate felony underlying the section 924(c) conviction was the crime of conspiracy to commit Hobbs Act robbery. *See id.* The court also noted that "[t]o base any part of [the defendant's] conviction and sentence on facts that have neither been admitted nor proven to a jury would violate

his constitutional rights." *Id.* (citation omitted). The court therefore concluded that there was no other predicate felony that could support the defendant's section 924(c) conviction. *See id.*

Unlike what occurred in *Brown*, the second superseding indictment here specifically indicated that the section 924(c) charge was based on **both** a kidnapping and a drug trafficking crime, namely conspiracy to distribute a controlled substance. Additionally, Castillo admitted to committing the drug trafficking offenses as part of his guilty plea. *See* Plea Tr. at 7–8, 10–17, 30–41. Moreover, the use of the firearm during the kidnapping was not a separate isolated episode but was part of Castillo's drug trafficking conspiracy. Therefore, this court is not presented with circumstances where the government is attempting to rope-in a charge in an indictment to which Castillo did not plead guilty. Instead, Castillo pleaded guilty to numerous drug trafficking offenses and those offenses, including his conviction for conspiring to distribute a controlled substance, would support his section 924(c) charge.

In addition to *Brown* not supporting Castillo's arguments in this case, his reference to the Fifth Circuit's decision in *United States v. Jones*, 935 F.3d 266 (2019) does not help his cause. In *Jones*, the Fifth Circuit vacated the defendants' convictions for violating section 924(c) under plain error review, where it was unclear whether the jury relied on an invalid crime of violence rather than a valid drug trafficking predicate in finding the defendants guilty of violating section 924(c). *See* 935 F.3d at 274. Unlike in *Jones*, it is undisputed here that, *inter alia*, (1) the government charged Castillo with violating section 924(c) based on the predicate offenses of kidnapping and conspiracy to distribute controlled substances, (2) Judge Davis explained to Castillo that his drug trafficking activities were a predicate offense for his section 924(c) charge in count nine of the second superseding indictment, (3) Castillo pleaded guilty to conspiring to distribute controlled substances and other drug trafficking crimes, (4) Castillo admitted to committing the kidnapping

offense (and the use of the firearm during that kidnapping), (4) the kidnapping occurred as part of

Castillo's drug trafficking activities, and (5) Castillo pleaded guilty to violating section 924(c),

which included a drug trafficking offense as a predicate offense. Therefore, *Jones* is factually and

legally inapposite and does not support granting Castillo habeas relief in this case.

Along with Castillo's cited cases not supporting habeas relief in this case, the Third Circuit

recently rejected an argument similar to Castillo's in *United States v. Collazo*, No. 18-2557, 2021

WL 1997681 (May 19, 2021). In *Castillo*, the defendant had argued on appeal to the Third Circuit

that he was entitled to have his section 924(c) conviction vacated under section 2255 because

> the "predicate offense for [his] Section 924(c) conviction was not clearly identified
> in the record," and therefore, that we should conclude that he did not commit Hobbs
> Act robbery. He says his plea agreement is ambiguous because Count V, the §
> 924(c) offense, broadly references the Hobbs Act, which includes both robbery and
> conspiracy. According to [the defendant], that ambiguity should be construed
> against the government, meaning interpreted to only reference conspiracy. He
> further contends that the ambiguity "was not resolved with the [plea] colloquy."

2021 WL 1997681, at *3 (first and third alterations in original) (internal citations omitted).

> In analyzing this argument, the Third Circuit explained that

> [i]t is well settled that, [i]n a prosecution under [§ 924(c)], the Government must
> prove that the defendant committed a qualifying predicate offense … but it is not
> necessary that the defendant be separately charged with or convicted of such an
> offense. In the context of a § 924(c) guilty plea, our sister circuits have looked to
> the factual proffer, plea hearing, and other evidence in the record to determine if a
> qualifying predicate offense was committed. District courts in our circuit have
> followed the same approach.

2021 WL 1997681, at *4 (alterations in original) (internal citations, question marks, and footnotes

omitted).

The Third Circuit then rejected the defendant's claim for habeas relief under section 2255

because

> [h]ere, the indictment, plea agreement, and plea colloquy all make clear that
> Collazo committed Hobbs Act robbery and that the robbery was a predicate for his

§ 924(c) conviction. When we consider the indictment, we can readily see that Collazo was charged with Hobbs Act robbery and that his § 924(c) charge broadly referenced the Hobbs Act, without limiting itself to conspiracy. We can also look to the plea colloquy, during which the government stated the specific facts it would have proved at trial, all of which combine to meet the elements of Hobbs Act robbery.

*Id.* at \*5 (footnote omitted).

As in *Collazo*, the second superseding indictment charges Castillo with numerous drug trafficking offenses, including conspiracy to distribute controlled substances. Also, this operative indictment clearly states that the conspiracy to contribute a controlled substance charge was a predicate for his section 924(c) charge. The indictment did not limit itself to kidnapping. Further, the government's plea colloquy showed that the firearms charge occurred during the kidnapping portion of the drug trafficking conspiracy. The plea colloquy also included facts which support Castillo's drug trafficking charges, including the charge of conspiracy to distribute controlled substances. Moreover, Judge Davis specifically informed Castillo that his drug trafficking crime was a predicate offense supporting his section 924(c) charge. As such, like in *Collazo*, the record supports this court concluding that there is a valid predicate offense supporting Castillo's section 924(c) conviction and sentence.

At bottom, the indictment, plea agreement, and guilty plea colloquy show that Castillo is guilty of conspiracy to distribute controlled substances. As such, even though the kidnapping charge is not a predicate offense in light of *Davis*, the section 924(c) conviction and sentence remain valid because there is an underlying predicate drug trafficking offense to which Castillo pleaded guilty and he was well-informed that this drug trafficking offense was a predicate offense. *See, e.g.*, *Harman v. United States*, No. 3:17-CR-325, 2021 WL 1614811, at \*6–7, 12 (M.D. Pa. Apr. 26, 2021) (addressing section 2255 movant's claim that his section 924(c) and sentence should be vacated because his indictment alleged two predicate offenses – conspiracy to commit

Hobbs Act robbery and Hobbs Act robbery – and the conspiracy conviction is no longer a crime of violence under *Davis*; rejecting claim because even if movant's conspiracy conviction is not a valid predicate offense, the section 924(c) conviction was also based on Hobbs Act robbery, which remains a crime of violence under the elements clause of section 924(c)(3)(A)).

As a final point, Castillo's argument that *Davis* somehow impacts conspiracy to commit drug trafficking charges is also meritless. *Davis* does not impact his convictions for drug trafficking offenses. *See, e.g.*, *United States v. Loyd*, Crim. No. 3:17-399, 2021 WL 1978466, at *2 (M.D. Pa. May 18, 2021) ("*Davis* addressed the constitutionality of § 924(c)(3)(B), and did not invalidate that portion of Section 924(c) pertaining to those who carry firearms in the court of drug trafficking crimes. Since the defendant was convicted on Count 5 of the indictment which charged a violation of § 924(c)(1)(A), *Davis* is not implicated in this case." (citation omitted)); *United States v. Long*, Crim. A. No. 12-418-3, 2021 WL 1210252, at *6 (E.D. Pa. Mar. 31, 2021) ("Defendants who were convicted of carrying a firearm during a drug trafficking crime therefore cannot have their convictions re-examined under the *Davis* line of cases. Here, because the jury unanimously found Long carried a firearm during a drug trafficking crime, his conviction is not implicated by *Davis*. Long was convicted of conspiring and attempting to sell drugs in violation of 21 U.S.C. § 846. That statute is part of the Controlled Substances Act, so Long's crimes qualify as drug crimes under § 924(c)." (internal citation omitted)). Therefore, while kidnapping is no longer a valid predicate offense after *Davis*, *see* Resp. at 11; *United States v. Gonzalez*, No. 19-3882, 2021 WL 3579380, at *1 n.3 (3d Cir. Aug. 13, 2021) ("*Davis* invalidated the residual clause of 18 U.S.C. § 924(c) as unconstitutionally vague. 139 S. Ct. at 2326–32. As a result, Gonzalez's § 924(c) conviction for kidnapping, in violation of 18 U.S.C. § 1201, no longer qualified as a predicate offense. *See id.*"), *Davis* does not affect Castillo's conviction for conspiracy to distribute

controlled substances, which remains as a valid predicate offense to support his conviction and sentence for violating section 924(c).[15]

## III.    CONCLUSION

In examining Castillo's section 2255 claim based on *Davis*, the court has looked at the operative indictment, plea agreement, and guilty plea colloquy to evaluate whether there is a valid predicate offense to satisfy his section 924(c) conviction and sentence. While Castillo's kidnapping conviction is not a valid predicate offense insofar as it is not a "crime of violence," his conviction for conspiring to distribute controlled substances is a valid predicate. This drug trafficking offense was identified as a predicate offense in the second superseding indictment and during the plea colloquy, and the government's factual proffer during the guilty plea hearing showed that the kidnapping, which included the use of a firearm, occurred as part of the drug trafficking conspiracy. As Castillo pleaded guilty to conspiracy to distribute a controlled substance, there is a valid predicate offense to support his section 924(c) conviction. In addition, despite Castillo's arguments to the contrary, *Davis* does not affect the validity of his conviction for conspiracy to distribute controlled substances (or any of his other drug trafficking crimes). Accordingly, Castillo

---

[15] Section 924(c)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). As indicated above, Castillo pleaded guilty to conspiring to distribute a controlled substance in count four of the second superseding indictment in violation of 21 U.S.C. §§ 841(a)(1) and 846, which are part of the Controlled Substances Act. *See* 21 U.S.C. § 841(a)(1) ("[I]t shall be unlawful for any person knowingly or intentionally-- (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."); 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."). Conspiracy to distribute a controlled substance is a valid predicate offense under section 924(c)(1). *See United States v. Torres*, 862 F.2d 1025, 1032 (3d Cir. 1988) ("Our readings of the statute and the opinions of the Courts of Appeals persuade us that a conspiracy to commit a felony under the Controlled Substance Act is a predicate offense within the scope of 18 U.S.C. § 924(c)(1), subjecting the conspirator to the mandatory enhanced penalties."), *abrogated on other grounds by United States v. Casiano*, 113 F.3d 420 (3d Cir. 1997); *see also United States v. Heyward*, 3 F.4th 75, 82 (2d Cir. 2021) ("Looking first at Count Two, the narcotics conspiracy unquestionably satisfies § 924(c). Specifically, the jury found that Heyward violated 21 U.S.C. §§ 841(a)(1) and 846 by conspiring with other members of 18 Park to "distribute and possess with intent to distribute" at least 280 grams of crack cocaine and one kilogram of heroin. This is a qualifying drug-trafficking offense under § 924(c)." (internal citation omitted)).

is not entitled to relief under section 2255. The court also declines to issue a certificate of appealability.[16]

The court will enter a separate order.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[16] A court should only issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits ... [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Castillo has not made a substantial showing of the denial of a constitutional right insofar as he has not demonstrated that reasonable jurists would find this court's assessment of the constitutional claims debatable or wrong.